

**FILED**
**Apr 02, 2018**
**10:49 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | |
|---|---|
| MICHELLE HUNT, **Employee**, | ) Docket No.: 2017-05-0892 |
| v. | ) |
| AMAZON.COM, **Employer**, | ) State File No.: 73262-2015 |
| AND | ) |
| AMER. ZURICH INS. CO., **Carrier**. | ) Judge Robert Durham |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

---

This case came before the Court for an Expedited Hearing on March 26, 2018. The issue is whether Ms. Hunt is entitled to a panel of orthopedists for evaluation and/or treatment of her low back complaints. The Court holds Ms. Hunt is not likely to establish that Amazon is required to provide a panel of specialists at this time. Thus, it denies her request.

### History of Claim

On August 23, 2015, Ms. Hunt slipped and fell while pushing a cart performing her duties with Amazon. She testified she fell onto her right ankle and buttocks. She also attempted to brace herself with her right hand, injuring her right wrist.

Amazon provided Ms. Hunt with a panel of physicians, from which she chose Dr. Jeffrey Hazlewood. At her first visit on August 26, Ms. Hunt gave a history of her right leg folding underneath her as she fell, trapping her foot and ankle underneath her buttocks. She complained of right wrist and right ankle pain as well as an onset of low back pain two days after the accident. Ms. Hunt testified she never experienced back pain before August 23.

Dr. Hazlewood diagnosed Ms. Hunt with a sprained wrist and ankle. He further felt the low back pain was a "mild soft tissue event" with no suspected herniation or significant pathology, given the absence of signs of radiculopathy. He provided splints,

1

prescribed anti-inflammatories, and placed lifting restrictions.

Over the next several months, Dr. Hazlewood continued conservative treatment, including anti-inflammatories and physical therapy, but Ms. Hunt showed little improvement. She claimed worsening back pain with numbness and weakness in her entire leg. Dr. Hazlewood maintained that the low back complaints were most likely due to a sprain or strain and not a herniation, since she experienced no radiculopathy. However, given Ms. Hunt's continued complaints, he ordered a lumbar MRI.

The lumbar MRI report revealed moderate bilateral fat hypertrophy with a diffuse disc bulge and mild central disc extrusion at L5-S1. The report further noted that this finding, in combination with prominent epidural fat, caused borderline thecal sac narrowing. After reviewing the MRI, Dr. Hazlewood felt that the mild bulge/extrusion at L5-S1 did not clinically correlate with Ms. Hunt's symptoms and seemed to be "in the setting of degenerative spine disease vs. false positive disc." Due to Ms. Hunt's continued wrist and ankle complaints, he referred her to an orthopedic specialist for those conditions.[1] However, Dr. Hazlewood maintained her low back pain did not warrant a specialist referral and he could do little more for her low back symptoms. He last saw Ms. Hunt on November 16, 2015. He continued to provide anti-inflammatories and maintained her restrictions. He also indicated he would see her back as needed.

Ms. Hunt testified that she subsequently asked the adjuster if she could see another physician for her low back, but the adjuster refused. Counsel for Amazon maintained that Amazon would, however, authorize Dr. Hazlewood to see Ms. Hunt again.

Ms. Hunt testified that she continues to suffer from significant low back pain, particularly if she has to stand or sit for extended periods. She recently sought treatment on her own with a nurse practitioner, who ordered a lumbar MRI on February 28, 2018. The MRI revealed multifocal degenerative change/disc disease with the most significant changes being at L5/S1. The degenerative change, as well as prominent epidural fat, served to narrow the thecal sac diameter at the L5/S1 level.

### Findings of Fact and Conclusions of Law

Ms. Hunt need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[1] Amazon authorized Dr. James Rungee to treat Ms. Hunt's wrist and ankle injuries. Neither of these injuries is at issue at this time.

2

The sole issue is whether Ms. Hunt is entitled to a panel of orthopedists for evaluation and/or treatment of her low back complaints. The evidence established that Amazon provided Ms. Hunt with a panel of physicians in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) from which she voluntarily chose Dr. Hazlewood as her authorized treating doctor. However, Ms. Hunt argues that, since Dr. Hazlewood's care failed to improve her symptoms and he appeared unwilling to recommend more than conservative treatment, she is entitled to additional treatment with orthopedist.

Ms. Hunt cited an unpublished case, *McClendon v. Food Lion, LLC*, 2014 Tenn. LEXIS 518 (Tenn. Workers' Comp. Panel July 11, 2014), as authority for her position. In *McClendon*, the Panel upheld the trial court's order that the employer replace the authorized neurosurgeon with a panel of orthopedists, since the employee's low back complaints were muscular in origin. However, *McClendon* is distinguishable from Ms. Hunt's claim on several points.

First, the claim in *McClendon* had already concluded, with causation and permanency issues resolved by settlement. Second, the neurosurgeon was not the original treating physician but a replacement for a recently retired orthopedist, who previously treated the employee for several years through deep-tissue muscle massages. Third, the employee testified that the massages significantly alleviated her pain, while the home exercise program recommended by the neurosurgeon did not.

Finally, and most importantly, the Panel in *McClendon* clearly relied upon the requirement that "the workers' compensation statute should be liberally construed in favor of compensation and any doubts resolved in the employee's favor." *Id*. at *13. Under Tennessee Code Annotated section 50-6-116, workers' compensation statutes must no longer be "liberally construed." Further, the Appeals Board held that, in post-reform cases, Supreme Court precedent will be relied upon *unless* it is evident the decision relied upon a remedial interpretation of workers' compensation law. *McCord*, at *9. Thus, the Court gives little weight to *McClendon*.

The Court finds that Ms. Hunt voluntarily chose Dr. Hazlewood as her treating physician from a valid panel. Treatment recommendations made by a treating physician "shall be presumed to be medically necessary." Tenn. Code Ann. § 50-6-204(a)(3)(H). Ms. Hunt's testimony as to her continued complaints, and the failure of Dr. Hazlewood's recommendations to alleviate those complaints, is certainly a factor the Court must consider in determining if Dr. Hazlewood's treatment was reasonable and necessary for Ms. Hunt's work-related injury. However, the Court holds that Ms. Hunt's testimony alone, without any medical proof, is insufficient to establish that she is likely to prevail in overcoming the presumption accorded to Dr. Hazlewood's opinion.

IT IS, THEREFORE, ORDERED that:

3

1. Ms. Hunt's request for a panel of orthopedists is denied at this time.

2. This matter is set for a Scheduling Hearing on May 7, 2018, at 2:00 p.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED THIS THE 2nd DAY OF April, 2018.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion and Response to Enforce Subpoena
4. Notice of Expedited Hearing
5. Employer's Response to Request for Expedited Hearing
6. Employee's Expedited Hearing Brief

Exhibits

1. Ms. Hunt's affidavit
2. Subpoena
3. Dr. Hazlewood's medical records
4. Tennessee Orthopedic Alliance medical records
5. Functional Capacity Evaluation
6. Physical therapy records
7. Final medical report
8. WorkLink Physician's Reports
9. Lumbar MRI report dated 2/28/2018
10. Choice of Physicians Form
11. Ms. Hunt's deposition transcript

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on April 2, 2018.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| Carolina Martin | | X | cvmartin@hughesandcoleman.com |
| Charles Pierce | | X | cepierce@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

5